THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 3:15CR32-2–HEH |
| | ) Civil Action No.: 3:16CV700–HEH |
| LAURA SORENSEN, | ) |
| | ) |
| Petitioner. | ) |

**MEMORANDUM OPINION**
(Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
Pursuant to 28 U.S.C. § 2255)

Petitioner Laura Sorensen ("Sorensen"), a federal inmate proceeding *pro se*, entered pleas of guilty in this Court on May 1, 2015, to both counts of a two-count criminal indictment. Count One charged her with sex trafficking by force, fraud, and coercion, and aiding and abetting in the commission of that offense; Count Two charged transportation of an individual for illegal sexual activity, and aiding and abetting. Sorensen entered her pleas of guilty pursuant to a fully executed plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, which contained a non-binding recommendation of thirty-five years of incarceration on Count One, and ten years of incarceration on Count Two, with a recommendation that the sentences be served concurrently.

On August 13, 2015, after reviewing the Presentence Investigation Report, which was filed without objection, Sorensen was sentenced to 480 months on Count One, and

120 months on Count Two, to be served concurrently.[1] Sorensen neither noted nor perfected an appeal to the United States Court of Appeals for the Fourth Circuit.[2] Sorensen is currently serving her sentence at the Federal Correctional Institution in Waseca, Minnesota.

This case is presently before the Court on Sorensen's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Mot., ECF No. 90), which she timely filed *pro se*. Both Sorensen and the United States have filed memoranda supporting their respective positions. Sorensen's overarching claim is that she received ineffective assistance of counsel in the negotiation of her plea agreement. In effect, she contends that her responses to the Court's questions during her Rule 11 plea colloquy were false. She now maintains that her pleas of guilty were neither knowingly nor intelligently entered. She also contends that her sentence was excessive and unreasonable based upon the totality of the facts and circumstances in her case. The record in this case fails to support any of Sorensen's claims. Given the appalling treatment of the victim in this case, and Sorensen's potential sentencing exposure, her counsel's tactual decisions appeared to be based on reasoned judgment.

Sorensen's first two claims are closely related. Despite unequivocally acknowledging to the Court her understanding of the terms of her plea agreement, she now contends that trial counsel failed to adequately explain them to her. Because she

---

[1] Sorensen's co-defendant, Aldair Hodza, was sentenced to 500 months on Count One and 120 months on Count Two, to be served concurrently.
[2] Sorensen's plea agreement contained a specific provision waiving her right of appeal. (Plea Agreement ¶ 6, ECF No. 33.)

2

claims her pleas of guilty were neither knowing nor voluntary, she alleges a violation of her Sixth Amendment right of effective representation.

Prior to accepting Sorensen's pleas of guilty, the Court questioned her, under oath, concerning the thoroughness of her counsel's representation, her understanding of the terms and conditions of the plea agreement, and the constitutional rights she was waiving. At the inception of the plea colloquy, she acknowledged that she and her attorneys had thoroughly discussed her case and that she was entirely satisfied with their services. Moreover, she stated unequivocally that her counsel had answered all of her legal questions and reviewed the evidence with her. (Plea Hr'g Tr. 5:18–9:18, ECF No. 91.)

Sorensen also informed the Court that she understood the nature of the charges against her, the elements of the offenses, and that each element must be proven beyond a reasonable doubt. (*Id.* at 6:23–8:5.) She explained that she revealed to her attorneys her involvement in the events forming the basis of her indictment, and related to them everything she knew about the case. (*Id.* at 8:6-16.) She confirmed that she and her attorneys discussed all possible defenses, and that after conferring with them, she made an independent decision to enter a plea of guilty to both charges. (*Id.* at 8:17–9:23.)

The Court then turned to the non-binding sentencing recommendation contained in the plea agreement. (*Id.* at 11:6-10.) Sorensen again confirmed that she was aware that the sentencing recommendation was not binding on the Court, and that no final decision would be made until the Court had an opportunity to review the Presentence Investigative Report. (*Id.* at 16:13–18:17.) She reiterated that she was entering her plea of guilty to both charges freely and voluntarily after being afforded sufficient time to thoroughly

consider the plea agreement and that she needed no additional time to speak with her attorneys. (*Id.* at 9:12-18; 11:22–12:6.)

The Court then outlined to Sorensen the constitutional rights she was waiving by entering a plea of guilty, including trial by jury, right of cross-examination, right of representation, and that she had no obligation to testify or present evidence. Again, she acknowledged that these rights had been explained to her. (*Id.* at 12:8–15:8.)

Before reviewing the agreed upon Statement of Facts with Sorensen, the Court again inquired whether she had any questions about what must be proven to convict her on the two charges to which she was pleading guilty. Her answer was "No, your Honor." (*Id.* at 19:17-23.) Sorensen then advised the Court that the Statement of Facts was accurate and that she had signed it after reviewing it with her attorneys. (*Id.* at 20:4-19.) Before concluding the Rule 11 colloquy and accepting her pleas of guilty, the Court again asked "Is there anything we have gone over this morning you did not understand?" Sorensen responded, "No, your Honor." (*Id.* at 20:25–21:2.) She provided a similar response when the Court asked "Do you have any questions you would like to ask me about your plea agreement, or any of the constitutional rights you've waived today?" (*Id.* at 21:3-6.)

Sorensen's present contentions are belied by the cold record in this case. Her own sworn statements during the Rule 11 colloquy "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Fourth Circuit in *Beck v. Angelone*, adopted an even more rigorous standard, "[a]bsent clear and convincing evidence to the contrary, [a petitioner] is bound by the

4

representations he made during the plea colloquy." 261 F.3d 377, 396 (4th Cir. 2001); *see also United States v. Lemaster*, 403 F.3d 216, 220–23 (4th Cir. 2005). The record at hand yields no reason to part from this time honored rule, particularly absent even scant corroboration for her revisionist position. The United States Supreme Court in *Premo v. Moore* cautioned reviewing courts to be mindful of the "potential for the distortions and imbalance that can inhere in a hindsight perspective." 562 U.S. 115, 125 (2011). Reviewing courts have no obligation to entertain allegations which are conclusory or palpably incredible in nature. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). This appears to be such a case.

Sorensen's second claim of "ineffective assistance of counsel for failure by counsel to explain legal terms to petitioner and answer petitioner's questions" is equally ill-conceived and founders on the same record fatal to her first claim. (Pet'r's Resp. Gov't's Opp'n 8, ECF No. 100.) In *Missouri v. Frye*, the United States Supreme Court reiterated that the Sixth Amendment right to effective assistance of counsel applies to all critical stages of criminal proceedings, including the negotiation and acceptance of a plea offer. 566 U.S. 133, 140 (2012); *see also Lafler v. Cooper*, 566 U.S. 156, 177 (2012). The Court in *Frye* also emphasized that the two-part test articulated in *Strickland v. Washington* governs ineffective assistance claims in the plea bargain context. *Frye*, 566 U.S. at 140 (citing *Strickland*, 466 U.S. 668, 686 (1984)); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

To prevail on a petition alleging ineffective assistance of counsel under 28 U.S.C. § 2255, a petitioner must first show that counsel's representation was deficient, and

5

second, that the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687. As the U.S. Supreme Court noted in *Padilla v. Kentucky*, "surmounting *Strickland*'s high bar is never an easy task." 559 U.S. 356, 371 (2010). In the immediate case, Sorensen has advanced no credible evidence to support either facet of *Strickland*'s requirements. Accordingly, no hearing is necessary or warranted. *Sanders v. United States*, 373 U.S. 1, 19 (1963).

While difficult to fully grasp as presented, Sorensen's third and final claim challenges the reasonableness of the sentence she received, which exceeded the non-binding recommendation in the plea agreement. Although lean on supporting facts, the third claim suggests that she was subjected to "mental mind-games and manipulation by members of law enforcement" and "unfair pressures" by the prosecution. (Pet'r's Resp. Gov't's Opp'n 10–11.) The plea agreement in this case contained a specific provision that "[a]n upward departure is appropriate under U.S.S.G. § 5K2.8 for torture of a victim, gratuitous infliction of injury, and prolonging of pain and humiliation." (Plea Agreement ¶ 5(e), ECF No. 33.) Sorensen was advised at her plea hearing that the Court would not commit to accepting the agreed recommendation without reviewing the Presentence Report. (Plea Hr'g Tr. 16:17-25.) The callous and sadistic facts underlying the offense amply supported an upward departure.

Succinctly recounted, Sorensen lured a young woman to her recreational vehicle under false pretenses. Once inside their recreational vehicle, Sorensen and her co-defendant seized the victim's cell phone, exhorted her to refer to them as "Enforcer" and "Handler," and informed her that she would be required to engage in sex for money.

6

(Statement of Facts ¶¶ 2–4, ECF No. 34.) Photographs of the victim were taken and posted on Craigslist. Through text messages and phone calls, Sorensen and her co-defendant made arrangements for the victim to engage in prostitution in Iowa over a five day period. (*Id.* ¶¶ 5–6.) The victim was instructed to inform her mother that she was voluntarily traveling with Sorensen and her co-defendant to Virginia and would be working as their nanny and housekeeper. The victim was told that she would be killed, along with her mother, if she did not comply. (*Id.* ¶ 9.) En route to Virginia, Sorensen and her co-defendant forced the victim to engage in acts of prostitution at truck stops. (*Id.* ¶¶ 13–15.) During their ten day visit to Virginia and North Carolina, the victim was tortured, beaten, sexually abused by her captors, and forced to engage in prostitution.

With respect to Sorensen, the Statement of Facts delineates the following acts of torture inflicted by her, and the co-defendant, as well as the resulting injuries to the victim:

1. "Hog-tied" and severely burned on her back and abdomen with a key and scissors heated on a stove top;

2. Repeatedly whipped with a rope;

3. Forced to wear a dog collar and leash;

4. Had knives thrown at her, nails driven through her feet, and nails run down her legs to the point of drawing blood;

5. Cigarettes were put out on her back and chest while still lit;

6. Kicked repeatedly to the point where the skin from her mid leg to upper abdomen was blackened and bruised; and

7

       7.      Her toes struck with a hammer and bleach sprayed into her wounds.

(*Id.* ¶ 16.)

Although Sorensen styles her claims as ineffective assistance of counsel and governmental overreaching, they are, in essence, a thinly-cloaked vehicle for challenging the sentence imposed by the Court. However, it is well-settled that unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral review is limited. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). As Chief Justice Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically been regarded as an extraordinary remedy." 507 U.S. 619, 633 (1993).

The sentence imposed in this case was clearly not in excess of the maximum authorized by law. Count One, charging sex trafficking by force, fraud, or coercion, carried a mandatory minimum term of imprisonment of fifteen years and a maximum term of Life. Count Two, which charged interstate transportation of person for illegal sexual activity, carried a maximum term of ten years of imprisonment. It is difficult to envision a case in which a young victim suffered more humiliation and malicious physical abuse than this one.[3] The sentence imposed, while substantial, violated neither the Constitution nor laws of the United States. Although the sentence in this case was significant, it was warranted by the deplorable facts and irreparable trauma suffered by the victim. Sorensen also fails to demonstrate the probability of a different outcome if

---

[3] In Sorensen's Response to the Government's Opposition, she disparages the underlying investigation, but does not appear to take issue with the accuracy of the Statement of Facts. (Pet'r's Resp. Gov't's Opp'n 7.)

8

her counsel had adopted an alternate but unidentified sentencing strategy. *Strickland*, 466 U.S. at 694.

Therefore, Sorensen's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Sorensen has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 21, 2017
Richmond, VA